IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORRIS DEVON SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-01684-K (BT) |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* § 1983 civil rights case is a Rule 12(b)(6) motion to dismiss filed by Defendants the City of Dallas, Texas, the Dallas Police Department, and Dallas Police Officers Alexander Zabriskie, Sean Robinson, Ryan Cordova, and Jon Lumbley. For the reasons stated, the District Court should GRANT Defendants' motion (ECF No. 7).

**Background**

In July 2016, Plaintiff, Morris Devon Smith, unexpectedly climbed out of his mother Vickie's car to confront Dallas Police Officers Alexander Zabriskie and Sean Robinson at a nearby police station. Pl.'s Opposition to the Mot. 15.[1] Apparently, Smith believed the Dallas Police Department was watching him, so, yelling, he told Officers Zabriskie and Robinson to stop. *Id.* With paper towels

---

[1]     The Court cites a document attached to "Plaintiff's Opposition to the Motion" only to provide additional detail for this background section. *See* Pl.'s Opposition to the Mot. (ECF No. 16).

stuffed in his ears to "block out the voices," Smith warned the officers to "stay off his block." *Id.* Vickie informed the officers that Smith, a "diagnosed bipolar schizophrenic," was not taking his medication. *Id.* Under the authority of the Texas Mental Health Code, Smith was arrested without a warrant and taken to a mental health facility. *Id.* Smith alleges that, during these events, he was denied access to a public restroom. Pl.'s Compl. 4 (ECF No. 3).

Smith later filed this lawsuit against the City of Dallas, Texas (the "City"), the Dallas Police Department (the "DPD"), and Dallas Police Officers Alexander Zabriskie, Sean Robinson, Ryan Cordova, and Jon Lumbley (collectively, the "Police Officers") (together with the City and the DPD, "Defendants") for claims arising out of the events surrounding his July 2016 arrest. Simply stated, Smith contends that his arrest was wrongful and that the Police Officers violated his civil rights by denying him the use of a public restroom. Pl.'s Compl. 4-5.

Defendants contend the Court should dismiss Smith's complaint for three reasons: (1) the DPD is a non-[j]ural entity that lacks the capacity to be sued; (2) Smith's claims against the Police Officers are redundant of his claims against the City; and (3) the complaint fails to plead a plausible claim for relief under § 1983. Defs.' Mot. 2-3. Defendants ask the Court to dismiss Smith's claims with prejudice. *Id.* 3. Smith filed a response; the issues have been fully briefed, and the motion is ripe for determination.

2

## Legal Standard

To survive Defendants' Rule 12(b)(6) motion to dismiss, Smith's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Smith's factual allegations must "'raise [his] right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). Smith's claims have facial plausibility if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to [Smith]." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

The Court's "review is limited to the [pleadings], any documents attached to the [pleadings], and any documents attached to the motion to dismiss that are central to the claim and referenced by the [pleadings]." *Lone Star Fund V (U.S.),*

*L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Thus, the Court may not consider any of the evidence submitted by Smith in response to the motion to dismiss.

## Analysis

<u>Smith's claims against the DPD</u>

Defendants first argue that Smith's claims against the DPD should be dismissed because the DPD is a non-jural entity that lacks the capacity to be sued. Defs.' Mot. 7. A plaintiff may not sue a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). As federal courts in Texas have repeatedly recognized, the DPD is not a jural entity subject to suit. *See, e.g., Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity") (citing *Darby*, 939 F.2d at 313)); *see also Lowe v. Dall. Police Dep't*, 2017 WL 4863076, at *4 (N.D. Tex. Oct. 17, 2017) (recommending dismissal of claims against the DPD because "the DPD is not a jural entity subject to suit"), *rec. accepted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017); *Hagwood v. Dall. Police Dep't*, 2015 WL 6688721, at *3 (N.D. Tex. Sept. 11, 2015) (same), *rec.*

4

*accepted*, 2015 WL 6690045 (N.D. Tex. Oct. 30, 2015). Here, Smith has failed to allege or otherwise demonstrate that the DPD is a separate legal entity having jural authority. Accordingly, Smith's claims against the DPD should be dismissed.

<u>Smith's claims against the Police Officers</u>

Next, Defendants argue that the Court should dismiss Smith's claims against the Police Officers because those claims are redundant of Smith's claims against the City. Defs.' Mot. 7. Smith sues the Police Officers in their official capacities. Pl.'s Compl. 2-3. "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). Therefore, because Smith's claims against the Police Officers are actually claims against the City, Smith's claims against the Police Officers in their official capacities should be dismissed. *See Dreyer v. City of Southlake*, 2007 WL 2458778, at *10 (N.D. Tex. Aug. 22, 2007), *aff'd sub nom. Dreyer v. Yelverton*, 291 F. App'x 571 (5th Cir. 2008).

<u>Smith's claims against the City</u>

Defendants further argue that Smith's complaint should be dismissed because he fails to plead a plausible claim for relief against the City under § 1983; specifically, (1) he fails to plead any injury, and (2) his complaint fails to establish municipal liability under § 1983. Defs.' Mot. 7. A plaintiff claiming municipal liability under § 1983 must prove three elements: "(1) an official policy (2)

promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citation and internal quotation omitted). "The first policy prong 'includes the decisions of government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Id.* (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Smith's complaint fails to identify any policy or custom resulting in a constitutional violation. Therefore, Smith's claim for municipal liability against the City should be dismissed.

Further, to the extent Smith attempts to bring a § 1983 excessive force claim, he must plead "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Johnson v. Thibodaux City*, 887 F.3d 726, 731 (5th Cir. 2018). Without at least some physical injury, Smith has no claim for excessive force. *Williams v. Thompson*, 2012 WL 651650, at *6 (E.D. Tex. Jan. 26, 2012), *report and recommendation adopted*, 2012 WL 645060 (E.D. Tex. Feb. 28, 2012) ("No case within the Fifth Circuit has upheld an excessive use of force claim in which the plaintiff suffered no injuries at all."). Here, Smith admits

he suffered no injuries, so he has failed to plead an excessive force claim, and any such claim should be dismissed.

To the extent Smith complains he was unlawfully arrested on an "APPOW [sic] charge" under § 573.001 of the Texas Health & Safety Code,[2] Smith does not plead facts supporting an inference that the Police Officers lacked the belief described in § 573.001 permitting them to make a warrantless arrest. Smith also fails to show how his arrest was otherwise unlawful under the Fourth Amendment or that municipal liability could be imputed on the City. Because he has failed to plead an unlawful-arrest claim, this claim should be dismissed.

Finally, to the extent Smith complains his civil rights were violated because he was not allowed to use a public restroom, that claim should be dismissed. Many courts have addressed similar claims and held that the denial of access to a restroom does not necessarily violate a constitutional right. *See, e.g., West v. Dall. Police Dep't*, 1997 WL 452727, at *5-8 (N.D. Tex. July 31, 1997) (granting summary judgment against pretrial detainee who alleged jail officers denied him access to restroom where detainee failed to prove: (1) his "constitutional rights were violated; and (2) that defendants acted with subjective deliberate indifference to the plaintiff's constitutional rights.") (internal quotation and

---

[2] Tex. Health & Safety Code Ann. § 573.001 ("A peace officer, without a warrant, may take a person into custody if the officer: (1) has reason to believe and does believe that: (A) the person is a person with mental illness; and (B) because of that mental illness there is a substantial risk of serious harm to the person or to others unless the person is immediately restrained; and (2) believes that there is not sufficient time to obtain a warrant before taking the person into custody.").

citation omitted); *Glapsy v. Malicoat*, 134 F. Supp. 2d 890, 891-2 (W.D. Mich. 2001) (applying the same two-part test used in *West*); *Jarrell v. Seal*, 2004 WL 241712, at *2 (E.D. La. Feb. 10, 2004), *aff'd*, 110 F. App'x 455 (5th Cir. 2004) (same). The fact-specific analysis in these cases revolves around the conduct of the parties denying plaintiffs the right to use the restroom. Here, Smith asserts he was denied access to a public restroom but never identifies which parties are responsible. *See* Pl.'s Compl. 4. He does not plead any specific facts surrounding the alleged denial and fails to describe any allegedly wrongful conduct. *See id*. As such, Smith has failed to state a claim for relief with respect to any alleged denial of access to a public restroom, and this claim should be dismissed.

## Recommendation

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 12) should be GRANTED.

Because it is not clear that all the defects in Smith's claims against the City are incurable, and Smith has not advised the Court that he is unwilling or unable to amend his complaint in a manner that will avoid dismissal, the Court should grant Smith one final opportunity to state a claim that survives dismissal. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting that it is appropriate for district courts to afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal). If Smith

does not file an amended complaint within 14 days of any Order accepting these findings, conclusions, and recommendation, the case should be dismissed with prejudice.

**SO RECOMMENDED**.

December 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).