IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORRIS DEVON SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-01684-K (BT) |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* civil rights lawsuit is a Motion to Dismiss (ECF No. 52) under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, the City of Dallas, Texas (the "City"), and Dallas Police Officers Alexander Zabriskie, Sean Robinson, Ryan Cordova, and Jon Lumbley (collectively, the "Police Officers") (together with the City, "Defendants"). For the reasons stated, the District Court should GRANT Defendants' motion.

### Background

Plaintiff Morris Devon Smith's ("Smith") claims arise out of a July 2016 incident at a Dallas Police Department ("DPD") station where police officers stopped Smith as he attempted to enter the building to use the restroom.[1] Am.

---

[1] The background facts set forth in this section are drawn directly from the allegations contained in Plaintiff's Amended Complaint. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that "all facts pleaded in the complaint must be taken as true"); *see also Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).

Compl. at 4 (ECF No. 49). The officers searched Smith for weapons and asked him why he was visiting the police station. *Id.* at 4. Smith told them he needed to use the restroom he believed was available to public citizens. *Id.* At one point, he told four police officers that he would stop coming to the police station if the police would only stop traveling down his residential street two to three times per day. *Id.* at 6. Under the authority of the Texas Mental Health Code, Smith was arrested without a warrant and taken to a mental health facility.[2] Smith alleges that, before, during, and after the arrest, he was wrongfully denied access to a public restroom and that the arrest was wrongful.

This is at least the second attempt by Smith to state a claim for relief against the named Defendants. Smith originally sued the City, and DPD, as well as the individual Police Officers. Original Compl. at 1-2 (ECF No. 3). Defendants and DPD filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. (ECF No. 7). The Magistrate Judge filed formal Findings, Conclusions, and a Recommendation ("FCR") that the District Court grant DPD and Defendants' motion to dismiss and allow Smith to file an amended complaint. FCR at 8-9 (ECF No. 38). The District Court entered an Order Accepting the FCR (ECF No. 44), and Smith timely filed an Amended Complaint no longer naming DPD among the other

---

[2]   Tex. Health & Safety Code Ann. § 573.001 ("A peace officer, without a warrant, may take a person into custody if the officer: (1) has reason to believe and does believe that: (A) the person is a person with mental illness; and (B) because of that mental illness there is a substantial risk of serious harm to the person or to others unless the person is immediately restrained; and (2) believes that there is not sufficient time to obtain a warrant before taking the person into custody.").

Defendants. Defendants subsequently filed their renewed Motion to Dismiss in response to the Amended Complaint. Smith did not file a response to the Motion. Therefore, the Court considers the Motion without the benefit of a response.

## Legal Standard

Under Federal Rule of Civil Procedure 12, a party may move to dismiss an action when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Iqbal* requires the Court to conduct a two-part test: first, the Court must identify which allegations in the complaint are legal conclusions because the Court need not assume those conclusions are true; second, the Court must "consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 680-81. This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but is has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

In their renewed Motion to Dismiss, Defendants contend the Court should dismiss Smith's Amended Complaint for two reasons: (1) Smith's claims against the Police Officers are "redundant of [his] claims against the City[;]" and (2) the "[c]omplaint fails to plead a plausible § 1983 claim against the City because Smith fails to plead facts supporting the existence of an official municipal policy or a City custom having the force of municipal policy which caused his injury." Mot. at 2. Defendants raised both of these issues with respect to Smith's original Complaint. Def. Mot. (ECF No. 7). Indeed, the Court granted Defendants' first motion to dismiss on the same grounds asserted against Amended Complaint. Rather than address the issues previously identified by the Court, Smith used his opportunity to replead to add new details about his arrest and dispute the veracity of police incident reports he filed on the docket in this case. Pl.'s Notice at 15 (ECF No. 16). Smith persists in suing the Police Officers in their official capacities and again fails to plead any damages. Am. Compl. at 1-2. Even accepting the nonconclusory allegations in his Amended Complaint as true, Smith has again failed to state a claim upon which relief can be granted.

The District Court should dismiss Smith's claims against the Police Officers in their official capacity because those claims are redundant of Smith's claims against the City. "Official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 690 n.55 (1978)). Pleading an official capacity suit is redundant of a suit against the governmental entity. *See Dreyer v. City of Southlake*, 2007 WL 2458778, at *10 (N.D. Tex. Aug. 22, 2007) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* as suit against the official personally, for the real party in interest is the entity.") (emphasis in original), *aff'd sub nom. Dreyer v. Yelverton*, 291 F. App'x 571 (5th Cir. 2008). Smith's official-capacity claims should be dismissed because those claims are actually claims against the City. *See id.* (quoting *Thompson v. City of Arlington*, 838 F. Supp. 1137, 1143 (N.D. Tex. Nov. 17, 1993)) (holding that "since the official-capacity claims are in reality claims against [the] City, the Court will dismiss those claims as to the individual defendants").

Next, Smith's claims against the City should be dismissed because his Amended Complaint fails to establish municipal liability under section 1983. Section 1983 does not create any substantive rights but instead provides a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013). To state a section 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person [or entity] acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citing *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)). Smith seeks to recover from the City for the alleged conduct of the Police Officers; however, a municipality cannot be liable under a theory of

*respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Rather, a plaintiff claiming municipal liability under section 1983 must prove three elements: "(1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hicks-Field v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017)) (internal quotation marks omitted). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Here, Smith has failed to plead any facts about a City policy or custom having the force of policy. Therefore, he has not adequately stated a section 1983 claim against the City. Am. Compl. at 7. He vaguely references a "policy" relating to warnings against self-incrimination under *Miranda v. Arizona*, 384 U.S. 436 (1966), but these allegations are conclusory and nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Overall, Smith fails to plead facts on which the Court can reasonably infer a "persistent, wide-spread practice" of the City denying individuals the use of public restrooms or performing unjustified arrests under Texas Health & Safety Code section 573.001. Moreover, Smith's Amended Complaint describes only one incident of the City refusing the use of a public restroom or performing an allegedly unjustified section 573.001 arrest. *See generally* Am. Compl. at 1-9. A single incident is, as a matter of law, insufficient to give rise to a custom. *See, e.g.*, *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("isolated violations are not the persistent, often repeated constant violations that constitute custom and policy"); *Piotrowski*, 237 F.3d at 581 ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations."). Thus, Smith fails to plead a plausible claim of section 1983 municipal liability premised upon the existence of a City policy or custom. Smith's failure to plead the first element of a municipal liability claim obviates the Court's need to address the remaining elements of municipal liability. Smith's claim for municipal liability against the City should be dismissed.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Dismissal with prejudice is appropriate where a complaint's defect is incurable, or the plaintiff has failed to sufficiently plead a claim after being afforded repeated opportunities to do so. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Smith had an opportunity to amend his Original Complaint upon receiving the first motion to dismiss, and then again when the District Court granted Smith leave to amend his complaint after dismissing his Original Complaint without prejudice. *See* Fed. R. Civ. P. 15(a). The Amended Complaint contains many of the same deficiencies and bases for dismissal as the Original Complaint. It thus appears unlikely that Smith can amend his complaint again to state a viable claim for relief under section 1983. As such, the District Court should dismiss Smith's Amended Complaint with prejudice.

### Recommendation

For the stated reasons, Defendants' Motion to Dismiss (ECF No. 52) should be GRANTED and Smith's Amended Complaint should be DISMISSED with prejudice.

**SO RECOMMENDED**.

July 18, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).